## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**SHERRIE J. MONTOYA,**

    **Plaintiff,**

v.                                                                                                    No. 14-cv-0836 LH/SMV

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security Administration,**

    **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiff's Motion to Remand or Reverse [Doc. 20] and her Brief in Support [Doc. 21] (collectively, "Motion"), filed on February 25, 2015. The Commissioner responded on June 17, 2015. [Doc. 26]. Plaintiff replied on July 7, 2015. [Doc. 27]. The Honorable C. LeRoy Hansen, Senior United States District Judge, referred the case to me for analysis and a recommended disposition. [Doc. 12]. Having meticulously reviewed the entire record and being fully advised in the premises, I find that the Administrative Law Judge ("ALJ") impermissibly failed either to include certain limitations in the residual functional capacity ("RFC") assessment or to explain why such limitations should not be included. Accordingly, the Motion should be granted and the case remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four).

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 416.1481. The Tenth Circuit, however, has held that in some situations, a court must consider evidence beyond that which was before the ALJ. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207−08 (10th Cir. 2006); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Pursuant to 20 C.F.R. § 416.1470(b), any new and material evidence that relates to the period on or before the date of the ALJ's decision shall be considered by the Appeals Council in determining whether to review the ALJ's decision. If the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision. *O'Dell*, 44 F.3d at 858. Because a court reviews the final decision based on "the record as a whole," it will consider the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council. *Id.* (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). A court reviews the Commissioner's decision, which is the ALJ's decision and not the Appeals Council's denial of review. *See id.* Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Maes*, 522 F.3d at 1096. Accordingly, here, the Court reviews the ALJ's decision considering the entire record, including the evidence submitted to the Appeals Council.

F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).

In light of this definition for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the SEP, the claimant has the burden to show that: (1) she is not engaged in "substantial gainful activity"; and (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) her impairment(s) either meet or equal one of the "Listings"[2] of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." 20 C.F.R. § 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. At the fifth step of

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering her RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for supplemental security income on January 21, 2010. Tr. 37. She alleged a disability-onset date of July 1, 2008. *Id*. Her claim was denied initially and on reconsideration. *Id*. Plaintiff requested a hearing before an ALJ. *Id*. On September 11, 2012, ALJ Jodi B. Levine presided over the hearing from Oklahoma City, Oklahoma. Tr. 37, 54. Plaintiff appeared by video conference with her attorney from Santa Fe, New Mexico. Tr. 37. The ALJ heard testimony from Plaintiff and an impartial vocational expert, Judith Beard. Tr. 37, 54–95.

The ALJ issued her unfavorable decision on December 12, 2012. Tr. 37–49. At step one, she found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 39. Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id*. There, she found that Plaintiff suffered from the following severe impairments: "congenital cervical fusion; degenerative disc disease arthritis; status post right knee anterior cruciate ligament repair; mood disorder, generalized anxiety disorder; and, alcohol and cocaine abuse, in remission." Tr. 39–42. At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 42–44.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 44–47. In evaluating Plaintiff's physical functional capacity, the ALJ

expressly gave "substantial weight" to the medical opinions of non-examining physicians, Dr. Slager and Dr. Gelinas. Tr. 46 (citing Tr. 110 (Dr. Gelinas's report), Tr. 412–419 (Dr. Slager's report)). With respect to Plaintiff's mental functional capacity, the ALJ gave "significant weight" to the opinions of non-examining psychiatrists, Dr. Walker and Dr. Mellon.[3] Tr. 47 (citing Tr. 408–411 and 420–433 (Dr. Walker's reports), Tr. 111–112 (Dr. Mellon's report)). Based on these opinions, the ALJ found that "[Plaintiff] has the [RFC] to perform light work as defined in 20 [C.F.R. §] 416.967(b) except that [she] is able to understand, remember, and follow simple instructions and can occasionally stoop, climb stairs, and perform overhead reaching, but can never climb ladders." Tr. 44.

At step four, the ALJ found that Plaintiff was able to return to her past relevant work as a hotel housekeeper. Tr. 47–48. Having found that Plaintiff could return to her past relevant work, the ALJ was not required to proceed to the fifth step, but she did so nevertheless. Tr. 48−49. At step five, the ALJ found that, based on Plaintiff's age, education, work experience, and RFC, she was capable of performing other jobs that exist in significant numbers in the national economy. *Id.* Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and she denied the claim. Tr. 49. The Appeals Council denied Plaintiff's request for review on July 14, 2014. Tr. 1−5. Plaintiff timely filed the instant action on September 15, 2014. [Doc. 1].

---

[3] The ALJ's decision appears to refer to Dr. Walker both as a psychiatrist and a psychologist. Tr. 47. However, the record indicates that he is a medical doctor and, thus, is a psychiatrist and not a psychologist. *See* Tr. 410, 420. More to the point, I find that there is no psychologist's opinion in the record. I find that the ALJ adopted Dr. Walker's and Dr. Mellon's opinions—and no one else's—to support her findings as to Plaintiff's mental functional capacity.

## Analysis

Plaintiff argues that the ALJ erred (1) in failing to include all of Dr. Walker's moderate limitations in the RFC assessment, and (2) in failing to explain why she did not do so, considering that she expressly adopted Dr. Walker's opinion. [Doc. 23] at 20 (citing Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.")); *compare* Tr. 408–09, 430 (Dr. Walker's opinions), *with* Tr. 44–47 (ALJ's RFC findings). Plaintiff is correct. Without an adequate explanation, the ALJ erred in failing to include in the RFC limitations that account for each of Dr. Walker's findings. *See* SSR 96-8p. Because reevaluation may necessarily alter the RFC assessment, I decline to address Plaintiff's other alleged errors at this time.

The Commissioner argues that the ALJ made no error in evaluating Dr. Walker's opinion. [Doc. 26] at 11–13. Dr. Walker had recorded his findings on a Mental RFC Assessment ("MRFCA") form, which is divided into three sections. *See id.* (citing Tr. 408–10). The Commissioner argues that the opinions contained in Section I are not applicable to the RFC, and instead, only the opinions contained in Section III are applicable to the RFC.[4] *Id.* Therefore,

---

[4] Dr. Walker found in Section I of the MRFCA form that Plaintiff was "moderately limited" in the following areas: the ability to carry out detailed instructions; the ability to maintain attention and concentration for extended periods; the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; the ability to work in coordination with or proximity to others without being distracted by them; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; the ability to interact appropriately with the general public; the ability to accept instructions and respond appropriately to criticism from supervisors; the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; the ability to respond appropriately to changes in the work setting; and the ability to travel in unfamiliar places or use public transportation. Tr. 408–09. Then, in Section III, Dr. Walker opined that Plaintiff "can understand, remember, and carry out simple instructions, make simple decisions, attend and concentrate for two hours at a time, interact with co-workers and supervisors, and respond appropriately to changes in a routine work setting." Tr. 410. On the psychiatric review technique ("PRF") form, Dr. Walker repeated his findings that Plaintiff

her position is that the ALJ was permitted to ignore findings in Section I when developing the RFC.  *Id.*  Instead, the Commissioner argues, the ALJ was required to include in her RFC only those findings contained in Section III.  *Id.*  After all, she points out, the Section III findings "stemmed from" the Section I findings.  *Id.* at 13.  The thrust of the Commissioner's argument is that as long as the ALJ addressed all of the Section III findings, she was free to ignore the Section I findings.  *See id.*  The problem with that argument is that the Tenth Circuit sees it differently.

"[I]f a consultant's Section III narrative fails to describe the effect that each of the Section I moderate limitations would have on the claimant's ability, or if it contradicts limitations marked in Section I, the MRFCA cannot properly be considered part of the substantial evidence supporting an ALJ's RFC finding."  *Carver v. Colvin*, 600 F. App'x 616, 619 (10th Cir. 2015); *see Frantz v. Astrue*, 509 F.3d 1299, 1302–03 (10th Cir. 2007) (remanding where RFC failed to reflect moderate limitations identified on an MRFCA and failed to explain the omission); *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (holding that it was reversible error for the ALJ to reject without explanation a state agency examining consultant's findings of several moderate mental limitations).

Besides, even if the Commissioner were correct, and the ALJ were only required to address the Section III findings—which is not the case—there would still be reversible error. Dr. Walker's Section III finding included a limitation to "attend and concentrate for two hours at a time."  Tr. 410.  The ALJ expressly acknowledged this limitation, Tr. 47, but nevertheless, she

---

suffers from "moderate" difficulties in maintaining social functioning and concentration, persistence, or pace. Tr. 430.

failed to account for it in the RFC assessment or to explain her reasons for doing so. *See* Tr. 44−47.

In this case, Dr. Walker found numerous areas in which Plaintiff was moderately limited, but some of those limitations were not accounted for in the RFC. For example, Dr. Walker found that Plaintiff suffered from moderate difficulties with concentration, persistence, or pace. Tr. 430. These difficulties are not captured by the ALJ's merely limiting Plaintiff to "understand[ing], remember[ing], and follow[ing] simple instructions." *See Jaramillo v. Colvin*, 576 F. App'x 870, 872, 877 (10th Cir. 2014) (holding that merely limiting a plaintiff to "simple, routine, repetitive and unskilled tasks" in the RFC does not adequately incorporate a finding of moderate difficulties in the ability to carry out instructions, attend and concentrate, and work without supervision); *Wiederholt v. Barnhart*, 121 F. App'x 833, 839 (10th Cir. 2005) (holding that merely limiting a plaintiff to "simple, unskilled job tasks" in the RFC does not adequately incorporate a finding of "moderate difficulties in maintaining concentration, persistence, or pace"). Other limitations found by Dr. Walker are similarly not accounted for in the RFC:

> 6. The ability to maintain attention and concentration for extended periods.
>
> 7. The ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances.
>
> . . . .
>
> 9. The ability to work in coordination with or proximity to others without being distracted by them.
>
> . . . .
>
> 11. The ability to complete a normal workday and workweek without interruptions from psychologically based

      symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

      . . . .

      17. The ability to respond appropriately to changes in the work setting.

      . . . .

      19. The ability to travel in unfamiliar places or use public transportation.

Tr. 408–09.

    I find that, having given great weight to Dr. Walker's opinion, the ALJ was required either to account for all of his moderate limitations in the RFC assessment or to explain why the limitations were not accounted for in the RFC.[5] *See* SSR 96-8p, 1996 WL 374184 at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). This she failed to do. Remand is required for proper evaluation of Dr. Walker's opinions.

## Conclusion

    Remand is required for proper consideration of Dr. Walker's opinions. Because the RFC assessment may be changed on remand to address this error, the Court declines to address Plaintiff's other alleged errors at this time.

---

[5] The ALJ did explain why she declined to adopt Dr. Walker's opinion as to social functioning. Tr. 47. She indicated that the "overall and objective evidence reflects no more than mild limitation. [T]here is no evidence of any accelerated symptoms of anxiety or depression as directly linked with social interaction. With that modification, the findings and assessments of [Drs. Walker and Mellon] have been incorporated into the determination of [Plaintiff's RFC]." *Id.* Plaintiff challenges this finding as unsupported by substantial evidence. [Doc. 21] at 23–24. I decline to address this argument at this time because correct evaluation of Dr. Walker's opinion as described herein may make the issue moot.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Plaintiff's Motion to Remand or Reverse [Doc. 20] be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Commissioner's final decision be **REVERSED** and this case **REMANDED** for further proceedings in accordance with this opinion.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**