## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SHERRIE J. MONTOYA,

 Plaintiff,

v.             No. 14-cv-0836 LH/SMV

CAROLYN W. COLVIN,
Acting Commissioner of Social Security Administration,

 Defendant.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiff's Opposed Motion for E.A.J.A. Award of Attorney's Fees and Costs [Doc. 31] ("Motion"), filed October 20, 2015. The Commissioner responded in opposition on October 27, 2015. [Doc. 32]. Plaintiff filed no reply, and the time for doing so has passed. The Court has referred the case to the undersigned for analysis and recommended disposition. [Doc. 12]. Having reviewed the briefs, the record, and the applicable case law and being otherwise fully advised in the premises, I find that (1) the Motion impermissibly seeks attorney fees for clerical work, and (2) the hours expended by Plaintiff's counsel were excessive. I will recommend, therefore, that the Motion be GRANTED IN PART and DENIED IN PART, and that, in total, Plaintiff be awarded $10,395 in attorney fees.

## Standard of Review

The Equal Access to Justice Act ("EAJA") provides for an award of attorney fees to a plaintiff when: (1) she is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28

U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).  However, the fees should be "reasonable."  *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990); *Hackett*, 475 F.3d at 1168.  "[O]nce the determination has been made that the government's position was not substantially justified, then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant."  *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008) (citing *Jean*, 496 U.S. at 161).  Determining the reasonableness of the number of hours billed lies within the court's discretion.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (interpreting attorney-fees request under 42 U.S.C. § 1988); *see also Jean*, 496 U.S. at 161 (explaining that once a litigant has established eligibility for fees under EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*.").

## Analysis

Plaintiff's motion for EAJA fees should be granted in part.  However, the amount requested should be reduced.  No award is permissible for clerical work, such as electronic filing.  Hourly rates of $188 and $190 are reasonable, but the number of hours requested is not.  I find that Plaintiff's counsel fails to show that any more than 55 hours was reasonably expended on this case.  Accordingly, I recommend that she be authorized to receive $10,395.[1]

### I.   Clerical Work

Anticipating that the Commissioner might object to Plaintiff's request for attorney fees for clerical work, Plaintiff's counsel—without citing any authority whatsoever—argues that she

---

[1] Hourly rates of $188 and $190 are reasonable.  Taking the average of the two ($189) and multiplying that rate by 55 hours yields $10,395.

2

should be compensated at the attorney rate for "administrative" (i.e., clerical) work.  [Doc. 31] at 1–2.  Plaintiff's counsel argues that she should be paid for all of the work that she completes, without respect to the nature of such work.  *Id.*  For example, she argues that receiving, filing, and calendaring motions is work that she completes, and therefore, she should be compensated at the full attorney rate.  *Id.*  However, she cites no authority for the proposition that clerical work should be compensated under EAJA, nor any authority for the proposition that preparing a notice of completion of briefing or filing papers in CM/ECF is legal, and not clerical, work.  *See id.*  The Commissioner disagrees with Plaintiff and cites several cases holding that clerical work—such as electronic filing—is not compensable at all under EAJA.  [Doc. 32] at 5–6. In particular, the Commissioner objects to any award for electronic filing or for service of the summons and complaint.  *Id.* at 5.

The EAJA provides for the award of "fees and other expenses, in addition to any costs awarded pursuant to subsection (a)."  28 U.S.C. § 2412(d)(1)(A).  The United States Supreme Court has held that paralegal services are compensable under EAJA.  *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 573, 577 n.3 (2008).  Purely clerical work and overhead expenses, however, are not considered paralegal services and are *not* compensable under EAJA.  *Dalles Irrigation Dist. v. United States*, 91 Fed. Cl. 689, 708 (2010) ("[T]he filing of pleadings is considered clerical work" and therefore is not compensable under EAJA.); *see Gatson v. Bowen*, 854 F.2d 379, 381 (10th Cir. 1988) (remanding EAJA-fees petition to district court to determine *inter alia* which billings are "clerical rather than legal"); *Champlin v. Colvin*, No. 12-cv-000425-RBJ, 2013 WL 3303636, at *3 (D. Colo. July 1, 2013) ("[I]n a petition for

3

[EAJA] fees, an attorney cannot recover for paralegal time that is purely clerical work."); *White v. Barnhart*, No. 05-2856, 2006 U.S. Dist. LEXIS 59387, at *18 (E.D. Pa. Aug. 18, 2006) (holding that docketing, directing service, and preparing client letters are clerical and, thus, disallowed under EAJA); *Sorenson v. Concannon*, 161 F. Supp. 2d. 1164, 1168–69 (D. Or. 2001) (reducing EAJA-fees request for work that was "purely clerical in nature"); *Gough v. Apfel*, 133 F. Supp. 2d 878, 881 (W.D. Va. 2001) ("Purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees.").

The Commissioner is correct. Plaintiff's counsel has billed for clerical work that is not compensable under EAJA. The question is not close. Plaintiff cites no authority, and the Court can find none, authorizing compensation under EAJA for clerical work, much less authorizing compensation for clerical work at a full attorney rate. In fact, all of the authority that the Court could find supports the opposite position, i.e., that clerical work is never compensable under EAJA. The Court finds that the following underlined bills submitted by Plaintiff's counsel are for clerical work—not attorney work—and should be disallowed, as noted in the chart below:[2, 3]

---

[2] Additionally, I find that Plaintiff's counsel, Ms. López, did not actually "[s]erve [the] summons and complaint" as she claims she did on "10/XX/14." [Doc. 31-1] at 1. She attests that she spent 0.75 hours on the task. However, in this case, because Plaintiff proceeded *in forma pauperis*, service of the summons and complaint was carried out by the United States Marshal Service ("USMS"). *See* [Doc. 5]. Furthermore, Ms. López was aware that USMS was serving Defendant because she billed 0.1 hours for seeing the order directing USMS to do so. [Doc. 31-1] at 1 (billing entry dated October 3, 2014, "Note order directing service").

[3] In a separate order, Plaintiff's counsel is directed to appear in person to show cause why she should not be held in contempt and/or sanctioned under Fed. R. Civ. P. 11 for "fail[ing] to disclose to the tribunal legal authority in the controlling jurisdiction known to [her] to be directly adverse to the position of the client and not disclosed by opposing counsel," in apparent violation of Rule 16-303 NMRA (incorporated by D.N.M.LR-Civ. 83.9).

| | | |
|---|---|---|
| 09/09/14 | <u>Prepare IFP</u>, confer with client. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1.0 [x $190/hr] |
| 09/15/14 | Finalize complaint, pare [sic] civil cover sheet, IFP, ECT filing . . . . . . . . . . . . | 1.0 [x $190/hr] |
| . . . | | |
| 10/14/14 | <u>Prepare and submit Summons</u> . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . | 0.5 [x $190/hr] |
| 10/XX/14 | <u>Serve summons and complaint</u> . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . | 0.75 [x $190/hr] |
| . . . | | |
| 12/12/14 | <u>Organize</u> and review administrative record. . . . . . . . . . . . . . . . . . . . . . . . . . | 1.0 [x $190/hr] |
| . . . | | |
| 02/25/15 | Final edit brief, write Motion for Remand, <u>prepare and file ECF</u>. . . . . . . . . . . | 2.5 [x $188/hr] |
| . . . | | |
| 07/07/15 | Final edit reply brief and <u>prepare for ECF filing, Notice of Completion</u> . . . . . . . | 3.0 [x $188/hr] |

Rather than dissecting each of these block-billed entries, I will make an overall recommendation as to the number of compensable hours for the case as a whole. Reducing for the impermissibly billed clerical work and the excessive hours claimed (as explained below), I find that Plaintiff's counsel reasonably expended no more than 55 hours on this case.

## II.   Reasonable Fees

The EAJA authorizes courts to award "reasonable" attorney's fees.  *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 968 (D.C. Cir. 2004).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.  The applicant bears the burden of establishing entitlement to an attorney-fee award, documenting the appropriate hours expended, and showing that the hours are reasonable.  *See Hensley*, 461 U.S. at 433.  "The burden is not for the court to justify each dollar or hour deducted from the total submitted by counsel."  *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986).  Rather, the applicant must "prove and establish the reasonableness of each dollar, each

5

hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (internal

quotation marks omitted) (interpreting attorney-fees requests under § 1988).

## A.  Hourly Rate

It is unclear what hourly rate Plaintiff requests.  On the one hand, she requests

$16,101.70 for 76.45 hours, which yields an hourly rate of $201.62.  *See* [Doc. 31] at 1.  On the

other hand, her time sheet indicates that she seeks fees at $190 per hour for work performed in

2014 and $188 per hour for work performed in 2015.  [Doc. 31-1] at 4.  The Commissioner does

not object to the hourly rates of $190 and $188.  [Doc. 32] at 1, n.1.  She does not address the

higher rate.  *See id.*  Having presided over numerous appeals of disability cases, I find that an

hourly rate of $189 is reasonable.[4]

## B.  Hours Expended

Here, Plaintiff's counsel requests $16,101.70 for 76.45 hours of work.[5]  [Doc. 31] at 1.

The Commissioner argues that no more than 55 hours could be reasonable in this case,

especially considering the impermissible clerical entries.  Plaintiff's counsel did not reply.  I

agree with the Commissioner.  I find that Plaintiff fails to meet her burden to show that more

than 55 hours was reasonable in this case.

"In awarding fees under the EAJA, [courts] have a special responsibility to ensure that

taxpayers are required to reimburse prevailing parties for only those fees and expenses actually

---

[4] An hourly rate of $189 is the average of the two hourly rates listed in Plaintiff's counsel's timesheet.  *See* [Doc. 31-1] at 4.
[5] Plaintiff requests $16,101.70 in fees, but this amount is not supported by her time sheets.  Plaintiff's counsel's time sheets reflect 9.15 hours of work in 2014, and 67.3 hours of work in 2015, for a total of 76.45 hours. [Doc. 31-1] at 1–3.  However, on the final summary time sheet, the total number of hours for both years (76.45) was substituted for the number of 2015 hours (instead of 67.3 hours).  Utilizing that higher (and apparently erroneous) number for 2015, she requested a total of $16,101.70.  [Docs. 31, 31-1].

needed to achieve the favorable result." *Role Models Am.*, 353 F.3d at 975.  The Tenth Circuit recognizes that attorneys typically do not bill a client for every hour expended in litigation, and they should exercise "billing judgment" regarding the amount of hours actually billed.  *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (citing *Hensley*, 461 U.S. at 437).  To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary. *Id.*  The Court has a corresponding obligation to exclude hours "not reasonably expended" from the calculation.  *Id.*

The Commissioner cites authority indicating that the average number of hours expended on a social security appeal is federal court is 20 to 40 hours, [Doc. 32] at 3, and Plaintiff's counsel does not argue otherwise.  This range is consistent with the Court's experience in this district.

The Commissioner acknowledges that under certain circumstances more than 40 hours may be reasonably expended in a social security case.  *Id.* at 3.  However, she argues that the 76.45 hours (including 43.5 hours for the opening brief and 20.5 hours for the reply) claimed in this case is unreasonable for several reasons.  For example, Plaintiff's counsel represented Plaintiff at the administrative level and, thus, was already familiar with the case and the evidence.  *Id.* at 4.  The opening and reply briefs outlined most of the same issues that had previously been briefed to the Appeals Council.  *Id.* (citing [Docs. 21, 27], Tr. 263–64).  The 463-page record was not excessively long.  *Id.*  Additionally, she specifically argues that it was

excessive to claim six hours for an initial review of the case, conferring with her client, preparing an *In Forma Pauperis* application, and drafting and filing the form complaint. *Id.*

Plaintiff's counsel filed no reply. Although she claims 76.45 hours—nearly *twice* the high end of the normal range—she cites no authority finding that so much time was reasonable. Nor does she offer any explanation about why so much time was necessary. Beyond the time sheets, her lone argument is that "[t]he fact that Plaintiff prevailed is a testament to the time spent preparing the case." [Doc. 31] at 2. Although the issue on which the Court granted remand was not a simple issue, it was not novel and took less than four pages (out of 27) to address in the opening brief and three pages (out of 17) in the reply brief. *See* [Doc. 21] at 20−23; [Doc. 27] at 14–16. Generously accounting for the complicated nature of the winning issue in this case, 55 hours is reasonable.

<u>Conclusion</u>

I find that after the reductions for clerical work and excessive hours, no more than 55 hours is reasonable in this case. Multiplying 55 hours by $189 (the average of the two rates listed in Plaintiff's counsel's timesheet), I recommend that Plaintiff be awarded $10,395 in attorney fees.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Plaintiff's Opposed Motion for E.A.J.A. Award of Attorney's Fees and Costs [Doc. 31] be **GRANTED IN PART and DENIED IN PART**. Plaintiff Sherrie J. Montoya should be authorized to receive $10,395 for payment to her attorney for services before this Court, as permitted by the Equal Access to

Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER RECOMMENDED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (internal quotation marks omitted).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**