IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SHERRIE J. MONTOYA,**

   **Plaintiff,**

v.                                                                                        No. 14-cv-0836 LH/SMV

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security Administration,**

   **Defendant.**

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on Plaintiff's Opposed Motion for E.A.J.A. Award of Attorney's Fees and Costs [Doc. 31], filed October 20, 2015. A disposition of the motion for fees has been recommended in a separate order. Herein, however, Plaintiff's counsel is ordered to appear in person to show cause why she should not be sanctioned under Fed. R. Civ. P. 11 and/or held in contempt for her apparent violation of Rule 16-303 NMRA (incorporated by D.N.M.LR-Civ. 83.9).

This case was brought to appeal a final decision of the Defendant, which denied benefits to Plaintiff. [Doc. 1]. After the Court reversed the Commissioner's decision and remanded the case for further proceedings, [Doc. 29], Plaintiff's counsel moved for attorney fees under the Equal Access to Justice Act ("EAJA"), [Doc. 31]. Anticipating that the Commissioner might object to Plaintiff's request for attorney fees for clerical work, Plaintiff's counsel—without citing any authority whatsoever—argues that she should be compensated at the attorney rate for "administrative" (i.e., clerical) work. *Id.* at 1–2. Plaintiff's counsel argues that she should be paid for all of the work that she completes, apparently without respect to the nature of such

work. *Id.* For example, she argues that receiving, filing, and calendaring motions is work that she completes, and therefore, she should be compensated at the full attorney rate. *Id.* However, she cites no authority for the proposition that clerical work should be compensated under EAJA, nor any authority for the proposition that preparing a notice of completion of briefing or filing papers in CM/ECF is legal, and not clerical, work. *See id.* The Commissioner cites several cases holding that clerical work—such as electronic filing—is not compensable at all under the EAJA. [Doc. 32] at 5–6.

The EAJA provides for the award of "fees and other expenses, in addition to any costs awarded pursuant to subsection (a)." 28 U.S.C. § 2412(d)(1)(A). The United States Supreme Court has held that paralegal services are compensable under EAJA. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 573, 577 n.3 (2008). Purely clerical work and overhead expenses, however, are not covered paralegal services and are *not* compensable under EAJA. *Dalles Irrigation Dist. v. United States*, 91 Fed. Cl. 689, 708 (2010) ("[T]he filing of pleadings is considered clerical work" and therefore is not compensable under EAJA.); *see Gatson v. Bowen*, 854 F.2d 379, 381 (10th Cir. 1988) (remanding EAJA-fees petition to district court to determine *inter alia* which billings are "clerical rather than legal"); *Champlin v. Colvin*, No. 12-cv-000425-RBJ, 2013 WL 3303636, at *3 (D. Colo. July 1, 2013) ("[I]n a petition for [EAJA] fees, an attorney cannot recover for paralegal time that is purely clerical work."); *White v. Barnhart*, No. 05-2856, 2006 U.S. Dist. LEXIS 59387, at *18 (E.D. Pa. Aug. 18, 2006) (holding that docketing, directing service and preparing client letters are clerical and, thus, disallowed under EAJA); *Sorenson v. Concannon*, 161 F. Supp. 2d. 1164, 1168–69 (D. Or.

2001) (reducing EAJA-fees request for work that was "purely clerical in nature"); *Gough v. Apfel*, 133 F. Supp. 2d 878, 881 (W.D. Va. 2001) ("Purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees.").

Plaintiff's counsel has billed for clerical work that is not compensable under the EAJA. The question is not close. Plaintiff cites no authority, and the Court can find none, authorizing compensation under the EAJA for clerical work, much less authorizing compensation for clerical work at a full attorney rate. In fact, all of the authority that the Court could find supports the opposite position, i.e., that clerical work is not compensable under the EAJA at all. The Court finds that the following underlined bills submitted by Plaintiff's counsel, Ms. López, are for clerical work—not attorney work—and should be disallowed:

| | | |
|---|---|---|
| 09/09/14 | <u>Prepare IFP</u>, confer with client. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1.0 [x $190/hr] |
| 09/15/14 | Finalize compliant, <u>pare [sic] civil cover sheet, IFP, ECT filing</u> . . . . . . . . . . . . . | 1.0 [x $190/hr] |
| . . . | | |
| 10/14/14 | <u>Prepare and submit Summons</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.5 [x $190/hr] |
| 10/XX/14 | <u>Serve summons and complaint</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.75 [x $190/hr] |
| . . . | | |
| 12/12/14 | <u>Organize</u> and review administrative record. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1.0 [x $190/hr] |
| . . . | | |
| 02/25/15 | Final edit brief, write Motion for Remand, <u>prepare and file ECF</u>. . . . . . . . . . . . . | 2.5 [x $188/hr] |
| . . . | | |
| 07/07/15 | Final edit reply brief and <u>prepare for ECF filing, Notice of Completion</u> . . . . . . . . | 3.0 [x $188/hr] |

I have heard this argument from Plaintiff's counsel, Ms. López, before. *See Romero v. Colvin*, 11-cv-0994 JB/SMV, [Doc. 43] (D.N.M. Mar. 20, 2014). As before, she fails to

disclose that this argument has never been successful in this district.  In fact, she incorrectly states that the "Magistrates [sic] have not ruled uniformly on the issue." [Doc. 31] at 2.  Despite her duty of candor to the Court, about which I admonished her the first time around, she has "fail[ed] to disclose to the tribunal legal authority in the controlling jurisdiction known to [her] to be directly adverse to the position of the client and not disclosed by opposing counsel[.]" Rule 16-303 NMRA (incorporated by D.N.M.LR-Civ. 83.9).

In this district, in *every* case that I have found in which the Commissioner has objected to Ms. López's request for EAJA fees at an attorney rate for clerical work, Ms. López has lost the argument.  *Barela v. Astrue*, No. 09-cv-0259 LAM, [Doc. 18] at 4–5 (D.N.M. May 26, 2010); *Rodriguez v. Astrue*, No. 12-cv-0272 ACT, [Doc. 26] at 4 (D.N.M. Jan. 14, 2014); *Perea v. Colvin*, 11-cv-0930 JB/GBW, [Doc. 42] at 4–5 (D.N.M. Feb. 27, 2014) (referral judge's recommendation); *Kuykendall v. Colvin*, 13-cv-0877 MV/WPL [Doc. 35] at 2–3 (Apr. 7, 2015); *Preston v. Colvin*, 14-cv-0278 KG/LAM [Doc. 38] at 4–5 (referral judge's recommendation, which was adopted by the Court);  *Pacheco v. Colvin*, 13-cv-0848 GBW [Doc. 33] at 4–5 (D.N.M. Dec. 10, 2014) (finding that organizing the administrative record was not clerical but noting non-substantive filings by the court and opposing counsel was clerical); *see Padilla v. Colvin*, 12-cv-0330 LH/LFG, [Doc. 43] at 3 (D.N.M. Oct. 22, 2013) ("[T]he Court is concerned that counsel is billing an hourly rate for attorney time when some of the administrative tasks should have been billed at a paralegal rate."); *but cf. Owens v. Colvin*, 12-cv-0367 LH/ACT [Doc. 27] at 6 (finding that counsel's application was "free of purely clerical work and overhead

expenses not compensable under the EAJA," though the Commissioner had not objected on the basis of work being clerical).

Despite these decisions, despite the authorities they cite, and despite my previous strong admonition, Ms. López continues to argue that she is entitled to an attorney rate for clerical work. The problem is not her argument, however. The quite troubling thing is that she fails to advise the Court of the adverse authority on the subject. And this time around, despite my warning in the *Romero* case, she not only fails to cite the adverse authority, she strongly implies that the issue is debatable. I find that Ms. López may have failed her duty of candor to the Court. Further, counsel's statement that the judges in this district have "not ruled uniformly" appears to have no basis in law or fact and, thus, appears to run afoul of Fed. R. Civ. P. 11.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's counsel, Ms. López, must appear in person to show cause why she should not be sanctioned and/or held in contempt. The in-person show-cause hearing will be held **on January 6, 2016, at 1:30 p.m., in the Doña Ana Courtroom, on the third floor of the United States Courthouse at 100 North Church Street in Las Cruces, New Mexico**. Ms. López may appear with counsel, if she so chooses. Her client, Ms. Montoya, need not appear.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**